NANNIE J. BAILEY AND HUSBAND v. WESTERN UNION
· TELEGRAPH COMPANY.    .

(Filed 24 March, 1909.)

1. Telegraphs—Delivery of Message—Negligence—Evidence.
    Evidence that the husband of *feme* plaintiff told the messenger
    who, about four hours afterwards, delivered the message, that
    he was expecting a message, and to bring it out to his wife, is
    competent, upon the question of negligent delay in delivery, when
    the addressee lived but a short distance from defendant's office
    and delivery was delayed several hours.

2. Telegraphs—Death Message—Evidence—Mental Anguish.
    When there is evidence tending to show negligence on the part
    of defendant telegraph company in delivering a message an-
    nouncing the death of a sister, evidence of mental anguish suf-
    fered by plaintiff is competent.

3. Telegraphs—Delivery of Message—Negligence—Damages—Avoid-
    ance—Evidence.
    When negligent delay is shown in the delivery of a message,
    and the uncontradicted evidence in defense is that by driving a
    distance through the country trains could have been caught which
    would have enabled plaintiff to have reached destination before
    the funeral, the court cannot say, as a matter of law, that it was
    plaintiff's duty to thus avoid the injury, but the question is one
    for the jury, under all the facts and circumstances of the case.

ACTION tried before *Lyon, J.,* and a jury, at December Term,
1908, of DUPLIN.    .
    Defendant appealed.

*Stevens, Beasley & Weeks* and *H. A. Grady* for plaintiff.
. *J. D. Bellamy & Son* for defendant.

CLARK, C. J.    This is an action for negligence in delayed de-
livery of a message sent to plaintiff, at Warsaw, N. C., inform-
ing her that Mrs. Elmore (who was her sister) had died that
morning and would be buried next afternoon. The telegram
was sent from LaGrange, N. C., on Sunday, and reached War-
saw that afternoon at 5:33, but was not delivered until 9:30,
being too late for plaintiff to take the train going north, which
passed at 8:51, and which the plaintiff says she would have

taken and could have gotten to the residence of the deceased, eight miles south of LaGrange, in time for the funeral. The next train going in that direction passed next day at 11 A. M.; too late to get to the funeral by going to LaGrange.

The husband of plaintiff met the telegraph messenger, who was also a railroad station hand, going to the depot, where the husband himself had just been, about 6 P. M., and told him he was expecting such a message, and to bring it right out, as his wife, in such event, would go on the 8:51 train. This was excepted to, but was competent as tending to show that with inquiry the agent could have learned where plaintiff resided. The same messenger brought the telegram to plaintiff's residence, which was 300 yards from the depot, about 9:30 o'clock. Warsaw is a town of 750 inhabitants. It cannot be seriously contended that the defendant was not guilty of negligence; nor was there error in admitting evidence that plaintiff suffered mental anguish because of failure to receive the message in time to take the 8:51 train. That is the gist of the action. The object in using the telegraph was to give the sendee opportunity to attend the funeral.

There was evidence that plaintiff, by getting up at 5 o'clock next morning, could have driven across the country, twenty-seven to thirty miles, and thus have reached the funeral in time, notwithstanding failure to catch the train—the 8:51 train—the evening before, or have gone on at 11 A. M. to Goldsboro and driven from there, some fourteen miles. The plaintiff introduced evidence of her husband's physical disability to ride so far, and she might have been unwilling to travel across country without him. We could not hold as a matter of law that it was incumbent on plaintiff to make such exertions as that to cure the defendant's neglect. At the most, failure to do so, if practicable, would be a matter in mitigation of damages, and there was no prayer asked in that view. The court ruled that it was plaintiff's duty to use all reasonable diligence to avoid the consequence of defendant's delay in delivery of the message and submitted to the jury, upon the evidence, as an issue of fact: "Could the plaintiffs, by the exercise of reasonable diligence, have attended the funeral, notwithstanding the failure of the

WILLIS *v.* TELEGRAPH CO.

defendant to deliver the telegram in time to take the northbound train on 28 July, 1907?" to which the jury responded "No." We do not find that the other exceptions require discussion.

No Error.