### JIM GAINEY v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 3 November, 1915.)

1. **Telegraphs—Free Delivery Limits—Extra Charge Paid—Negligence—Evidence—Questions for Jury.**

    Where a telegraph company has wired back to the sending point and asked for extra payment for delivery beyond the free delivery limits of the terminal office, which is made by the sender at 8:30 o'clock a. m., and the message is not delivered at a distance of two and one-half miles until 10:30 o'clock of the same day, the transmission of the message by wire being local, the case should be submitted to the jury upon the question of the defendant's negligence in not sooner delivering the message.

2. **Telegraphs—Principal and Agent—Declarations—Trials—Evidence Contradictory.**

    Where negligence is alleged in an action to recover of a telegraph company damages for not promptly transmitting and delivering a message announcing a death, testimony that the defendant's agent said, at the time, that the message was not delivered because he did not know where the sendee lived, is competent when contradictory of his evidence given at the trial.

3. **Telegraphs—Measure of Damages—Hiring Conveyance—Trials—Questions for Jury.**

    In an action to recover damages of a telegraph company for its negligent delay in the transmission and delivery of a telegram, where the evi-

dence in defendant's behalf tends to show that the plaintiff could have avoided the damages by hiring a conveyance for $5, and, in plaintiff's behalf, that he would have paid more than the $5, but did not have the money to hire the conveyance, the question of the amount of damages, upon the negligence of the defendant being shown, is one for the jury, and not limited to the $5 for which the conveyance could have been hired; and the charge of the court in this case, leaving it for the jury to determine whether the plaintiff could have taken the conveyance, is proper.

APPEAL by defendant from *Allen, J.*, at April Term, 1915, of CUMBERLAND.

*Davis & McRae for plaintiff.*
*Rose & Rose for defendant.*

CLARK, C. J. On 31 July, 1913, at Linden, N. C., B. Gainey delivered to the defendant at 7:45 p. m. a telegram addressed to Jim Gainey at Purvis, N. C., as follows: "Loula May killed by lightning this evening. Come." The sender was informed that it could not be delivered that night, as it had to be sent to Elrod, N. C., and be telephoned from there. The plaintiff lived about half a mile from Purvis and about two and one-half miles from Elrod, at which latter point the message was received at 9:19 p. m. The Elrod office sent a service message to Linden, which was received at 8 a. m. next morning, and the Linden office guaranteed special delivery charges. The message was not delivered to Gainey till 10:20 a. m. He immediately left in a run to take the 10:45 train at Elrod for Fayetteville, but failing to get there in time, he took the freight train, which put him in Fayetteville at 4:20 p. m. He spent the night there and left on the first train, reaching Linden at 8 a. m. next day, too late for the funeral.

The defendant contended that the plaintiff might have taken a private conveyance for $5 after his arrival at Fayetteville, and have gone thus to Linden, eighteen miles away. The plaintiff testified that he would have done this, but did not have the money.

Loula May was the four-year-old motherless niece of the plaintiff and had lived much of her life at his house, and there was evidence of a strong affection between them and of plaintiff's mental anguish produced by the negligence of the defendant in causing him to fail to attend the funeral.

The first assignment of error is for refusal of a motion to nonsuit. But there was evidence of negligence sufficient to go to the jury in failing to deliver the message (after receipt of the guarantee of charges for special delivery at 8:30 a. m.) before 10:20 a. m., when the plaintiff lived at a distance of only two and one-half miles.

The second assignment of error is for admitting evidence that the defendant's agent told the plaintiff, at the time, that the message guaranteeing the extra charges was received by him at 8:30 a. m., and that the

reason it was not delivered was because he did not know where the plaintiff lived. This was not incompetent, for it is not an admission by the agent of negligence on the part of the company, but a narrative by the agent of his own conduct, which the plaintiff could give in evidence in contradiction of Jones's own statement in evidence.

The third assignment of error is to the judge's charge that if the jury found the defendant negligent it would be liable for such suffering as the plaintiff underwent in consequence of his not being able to get to the funeral in time. But in the connection used, the court evidently meant, if it caused such failure.

The fourth assignment is that upon the second issue, "Could the plaintiff by the exercise of reasonable diligence have reached Linden in time for the funeral and burial?" the court told the jury that the burden was on the defendant. The jury having found, in response to the first issue, that the defendant "negligently delayed to transmit and deliver the telegram," the defense that, notwithstanding such negligence, the plaintiff by the exercise of reasonable diligence could have reached Linden in time for the funeral, was set up by the answer, and the court properly instructed the jury that the burden of proving such allegation was on the party that pleaded it.

The fifth assignment of error is that the court refused to charge, as prayed, that "If the plaintiff could have hired an automobile, or other conveyance, and gone to Linden in time for the funeral, then in no view of the case could the plaintiff recover more than the price of such conveyance, which under the evidence was only $5," and the defendant asks that the judgment in this Court should be modified by reducing the damages to $5.

The amount of damages is a matter peculiarly within the province of the jury, who doubtless considered it in every phase presented by the able argument of counsel for the defendant. The plaintiff testified that he would have paid the $5 (or even $25), but that he did not have the money. This case is on all-fours with *Bailey v. Tel. Co.,* 150 N. C., 316, in which the Court held: "When negligent delay is shown in the delivery of a message, and the uncontradicted evidence of the defense is that by driving a distance through the country trains could have been caught which would have enabled plaintiff to have reached his destination before the funeral, the court cannot say as a matter of law that it was plaintiff's duty to thus avoid the injury, but the question is one of fact for the jury under all the facts and circumstances of the case." The court in this case left it to the jury to find, upon the evidence, whether or not the plaintiff could, by reasonable diligence, have gone from Fayetteville by other conveyance than the railroad and have reached the funeral in time. The jury found that he could not.

No error.